UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN G.,

                     Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.

23-CV-989 (JGLC) (GRJ)

**MEMORANDUM OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

      Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant"), who denied his application for Social Security Disability and/or Supplemental Security Income Benefits. On July 21, 2023, Plaintiff moved for judgment on the pleadings. ECF No. 10. Defendant opposed Plaintiff's motion on September 18, 2023 and Plaintiff filed a reply on September 20, 2023. ECF Nos. 13, 14. On November 30, 2023, Magistrate Judge Gary R. Jones issued a Report and Recommendation ("R&R") recommending that this Court grant Defendant's motion for judgment on the pleadings. ECF No. 17. Plaintiff timely filed objections to the R&R on December 14, 2023. ECF No. 18. Defendant filed a response to Plaintiff's objections on December 28, 2023. ECF No. 19. For the reasons stated herein, the Court ADOPTS the R&R in its entirety.

## LEGAL STANDARD

      A district court reviewing a magistrate judge's report and recommendation may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Within fourteen days after the magistrate judge has issued their report and recommendation, "any party may serve and file written objections to such

proposed findings and recommendations." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* the portions of the report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). For portions of the report and recommendation "to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 600 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020) (internal citation and quotation marks omitted). "To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error." *Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 450 (S.D.N.Y. 2022).

In reviewing a Social Security claim, the court does not itself determine whether the plaintiff was disabled and therefore entitled to Social Security benefits. *See Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Instead, the court "must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) (internal citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal quotation marks omitted). "In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal citation and quotation marks omitted).

## DISCUSSION

The Court adopts the recitation of facts set forth by Judge Jones in the R&R and assumes the parties' familiarity. The Court will repeat only those facts relevant to the consideration of Plaintiff's objections.

The Court notes that many of Plaintiff's objections in large part reiterate his arguments already made to the magistrate judge. *See Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Nonetheless, the objections are "sufficiently detailed to allow meaningful review of the R&R without needlessly duplicating the efforts of the magistrate judge" and "in any event, the outcome of the case is not affected by the Court's decision to address Plaintiff's objections." *Pirog v. Colvin*, No. 15-CV-438 (KMK) (PED), 2016 WL 5476006, at *3 (S.D.N.Y. Sept. 28, 2016) (internal citations omitted). Other of Plaintiff's objections raise new arguments, and for that reason alone, the Court may disregard them. *See Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y 2020) (internal citation omitted) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all."). Yet the Court considers these as well.

First, Plaintiff argues that the magistrate judge erred in finding that the statements by Dr. Billy H. Ford and Dr. Joseph Weinstein that Plaintiff was 100% or totally disabled were not valuable, because the Administrative Law Judge ("ALJ") should have considered the consistency between the opinions offered by Dr. Ford and Dr. Weinstein. ECF No. 18 ("Pl. Br.") at 1–2. But Judge Jones directly addressed this argument, correctly noting that a determination of whether an applicant is disabled is reserved to the Commissioner. *See* R&R at 10, 14; 20 C.F.R. § 404.1520b(c)(3) ("[W]e are responsible for making the determination or decision about

3

whether you are disabled or blind."); *Sherwood v. Kijakazi*, No. 21-CV-10847 (KMK), 2023 WL 2662804, at *4 (S.D.N.Y. Mar. 28, 2023) (internal citation and quotation marks omitted) ("[T]he governing regulations indicate that the ALJ should not and could not have considered these doctor's assertions that Plaintiff was 100% temporarily disabled as conclusory statements by a claimant's provider concerning issues reserved to the Commissioner—for instance, whether the claimant is disabled under the Act—are inherently neither valuable nor persuasive and will not be analyzed by the ALJ."). That the statements by Dr. Ford and Dr. Weinstein are supported by the record evidence does not change this.

    Plaintiff's second and third arguments seem to be that the magistrate judge erred in finding that the ALJ properly relied on the opinions of Dr. David Brown and Dr. Michael Healy in assessing Plaintiff's residual functional capacity ("RFC"). Pl. Br. at 2–3. As to Dr. Brown, Plaintiff contends that Dr. Brown was incorrect in determining that Plaintiff's complaints of pain were "***mostly*** subjective without ***prominent*** objective findings." Pl. Br. at 2 (emphasis added). Although Plaintiff cites to various portions of the record with objective evidence to undermine this finding, Dr. Brown did not discount all objective findings. The ALJ properly relied in part on Dr. Brown's independent medical examination, which was also corroborated by other medical opinion evidence, as found by Judge Jones. R&R at 10–12.

    As to Dr. Healy, Plaintiff argues that it was incorrect for the ALJ to limit Plaintiff to occasional reaching with his left upper extremity based on Dr. Healy's assessment of moderate to marked limitation. Pl. Br. at 3. The Second Circuit has held that the opinion of a doctor stating "lifting and carrying moderate; standing and walking, pushing and pulling and sitting mild" was "so vague as to render it useless in evaluating whether [Plaintiff] can perform sedentary work." *Curry v. Apfel*, 209 F.3d 117, 123 (2d Cir. 2000). However, Dr. Healy's opinion comes at the end

of a detailed four-page report and does not contradict the findings of Plaintiff's other physicians. *See Ashby v. Astrue*, No. 11-CV-2010 (RMB) (DF), 2012 WL 2477595, at *12 (S.D.N.Y. Mar. 27, 2012), *report and recommendation adopted*, No. 11-CV-2010 (RMB) (DCF), 2012 WL 2367034 (S.D.N.Y. June 20, 2012).

Fourth, Plaintiff argues that the magistrate judge erred in finding that the ALJ properly gave more consideration to the opinions of the non-examining physicians. Pl. Br. at 4. But Judge Jones did not weigh the opinions of non-examining physicians more heavily than those of the treating physicians – he only credited their opinions and noted that they "may constitute substantial evidence if they are consistent with the record as a whole." *See* R&R at 11–12 (quoting *Leach ex rel. Murray v. Barnhart*, 02-CV-3561 (RWS), 2004 WL 99935, at *26 (S.D.N.Y. Jan. 22, 2004)).

Fifth, Plaintiff contends that the ALJ cherrypicked the record in finding that Plaintiff experienced some improvement, while ignoring contrary evidence. Pl. Br. at 4. Yet Plaintiff acknowledges that he experienced some improvement. *See id.* ("[T]he record evidence, which shows that [Plaintiff] experienced some symptom improvement . . . ."). The Court acknowledges that the ALJ relied only on certain portions of Dr. Ford's November 2021 opinion, such as noting Plaintiff's "reports of 70-80% improvement with his physical therapy and chiropractic sessions, and that his symptoms were at baseline." ECF No. 7 at 21. However, as Judge Jones correctly noted, the standard of review is deferential, and even though there may be evidence in the record that supports Plaintiff's arguments, in this situation the Court cannot overrule the ALJ. R&R at 13–14; *see also Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) ("Where there is substantial evidence to support either position, the determination is one to be made by the factfinder.").

Finally, Plaintiff argues that "objective evidence should not be unduly considered as part of an evaluation of a claimant's symptoms." Pl. Br. at 6. However, Judge Jones did acknowledge that a "claimant's subjective complaints of pain and limitation are 'an important element in the adjudication of social security claims, and must be thoroughly considered in calculating the RFC of a claimant.'" R&R at 15 (quoting *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010)). He held that the ALJ's findings that Plaintiff was not entirely credible were supported by substantial evidence and consistent with applicable law. *Id*. at 18–19. The Court finds that objective evidence was not "unduly considered."

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ADOPTS the R&R. Accordingly, the Court GRANTS the Commissioner judgment on the pleadings and dismisses the case. The Clerk of Court is directed to enter judgment accordingly and close the case.

Dated: March 29, 2024
   New York, New York

SO ORDERED.

*[signature: Jessica Clarke]*

JESSICA G. L. CLARKE
United States District Judge